PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2009 Lincoln MKS struck holes in two incidents on County Road 85, locally designated Brewer Road, in Morgantown, Monongalia County. County Route 85 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The first incident giving rise to this claim occurred on July 9,2009. County Route 85 is a mile long two-lane paved road with one lane of traffic in each direction, but without any lane markings. At the time of the first incident, Claimant, Michelle Gabbert, was driving her daughter to band. Ms. Gabbert testified that she is familiar with County Route 85 because she lives on it and travels it several times a day. Ms. Gabbert stated that there have always been issues with this road, which she attributes to the fact that it is a bus route. According to Ms. Gabbert, as she drove down County Route 85 a car approached her from the opposite direction and crossed into her lane. In order to miss the car, Ms. Gabbert swerved to her right and her vehicle struck a pothole. As a result of this incident, Claimants’ vehicle sustained damage to front passenger side rim requiring that it be replaced in the amount of $634.94.
The second incident occurred onNovember 22,2009. Ms. Gabbert testified that she was traveling home along County Route 85 and was driving around the last blind curve before she reached her driveway when an oncoming car approached her in her lane. Ms. Gabbert stated that the only way to avoid the oncoming traffic was *201 to swerve to the left, or in other words, to drive in the lane designated for traffic traveling the opposite direction. As soon as Ms. Gabbert entered the wrong lane to avoid hitting oncoming traffic her vehicle struck a hole in pavement. As a result of this incident. Claimants’ vehicle sustained damage to the front drivers’s side tire which had to be replaced for a total of $237.39. Since Claimants’ insurance declaration sheet indicates that their collision deductible is $500.00, Claimants’ recovery is limited to that amount for each incident.
Warren S. Elliott, Claimant Michelle Gabbert’s father, testified that he has lived on County Route 85 since 1974 and that it has been in disrepair for years. Mr. Elliott stated that, prior to these incidents, he personally placed several calls to Respondent to report problems on the road.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 85 prior to either incident. Larry Weaver, Highway Administrator for Respondent in Monongalia County, testified that he is familiar with County Route 85, which he stated is priority three rural country road with a tar and chip surface. Respondent introduced a DOT-12, or a daily work report, to showthat Respondent had conducted patching operations on Country Road 85 two days prior to Claimants’ second incident, on November 20,2009, wherein they used 8.32 tons of hot mix material.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that prior to the first incident in July 2009 Respondent had, at the least, constructive notice of the defects in the pavement on Country Route 85. Since a hole on the edge of the travel portion of the road created a hazard to the traveling public, the Court finds Respondent negligent in that incident. However, based on evidence adduced at hearing, the Court is of the opinion that prior to the second incident, Respondent took reasonable corrective actions, and thus cannot be found negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $500.00.
Award of $500.00.